A. G. FILE No. 1-3 42



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Bud Martin
District Attorney
Wheeler, Texas

Dear Sir:

Opinion No. O-3084
Re: The status of the office
of county attorney of
Lipscomb County.

Your letters apprise us of the following facts:

At the 1940 general election in Lipscomb County, Roy Sansing, the incumbent, received 629 votes for the office of county attorney. Francis Simpson, a write-in candidate for the office, received 665 votes. Mr. Simpson, however, was not a duly licensed attorney-at-law at the time of the general election, or on January 1, 1941, the date upon which he would have qualified for the office, and is not so at this time. When and if he will become a licensed attorney, is, of course, uncertain.

Under these facts you request our opinion upon the status of the office.

Article 332, Revised Civil Statutes of Texas, provides:

"No person who is not a duly licensed attorney at law shall be eligible to the office of district or county attorney. * * *"

Mr. Simpson could not enter upon the duties of the office of county attorney on January 1, 1941. He cannot do so at this time. He was and is ineligible and cannot qualify. You ask whether he may resign. Strictly speaking, he cannot resign from an office he does not and cannot hold. At the most he can only relinquish any claims thereto.

Moreover, Mr. Sansing was not elected to the office of county attorney because he did not receive a majority of the votes cast at the general election. Allen vs. Fisher, 118 Tex. 38, 19 S. W. (2d) 751; Opinion O-2632-A by this department.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

A county attorney is elected for a term of two years only. Section 21, Article 5, Constitution of Texas.

Mr. Sansing's term of office as county attorney expired two years after January 1, 1939. Article 2929a, Vernon's Annotated Civil Statutes. He may, however, continue to perform the duties of such office until his successor is elected or appointed and qualified. Section 17 of Article 16 of the Constitution of Texas; Article 18, Revised Civil Statutes of Texas.

Article 2355, Revised Civil Statutes of Texas, with respect to the power of the commissioners' court to fill vacancies in certain county offices, provides:

"The court shall have power to fill vacancies in the office of: * * * county attorney * * * Such vacancies shall be filled by a majority vote of the members of said court, present and voting, and the first chosen shall hold office until the next general election."

Under the doctrine of the cases of State vs. Cooke, 54 Tex. 482; Tom vs. Klepper, 172 S. W. 721; and Denison vs. State, 61 S. W. (2d) 1017, it is our opinion that there was a vacancy in the office of county attorney of Lipscomb County on January 1, 1941, with Mr. Sansing, the incumbent, continuing to perform the duties of the office in virtue of Section 17 of Article 16 of the Constitution and Article 18 of the Statutes.

In the Cooke case it was held "that a vacancy can be created by the election of one eligible to hold the office, and his failure to qualify, has been expressly decided." Pertaining to an officer holding over, the Court said: "the right

of the officer who thus holds over is by sufferance, rather
than from any intrinsic title to the office."

The case of Tom vs. Klepper involved a fact situation
where a county commissioner was not elected at the general
election. The court said:

" * * * The only remaining question to be de-
termined is: Was appellant entitled to hold over
for another two years, or was there a vacancy in
the office of county commissioner for precinct
No. 2?

"Our opinion is that there was a vacancy in
the office of county commissioner for that precinct
within the meaning of article 2240, Revised Statu-
tes, above quoted, at the expiration of appellant's
full two years' service, by reason of the failure
to elect a commissioner for that precinct at the
general election in 1914. We think this view ac-
cords with the settled policy of our state Con-
stitution restricting the duration of the terms
of office, as provided in the articles of the Con-
stitution and statute quoted. A holding beyond the
two years would be by sufferance, rather than from
any intrinsic title to the office. The question has
frequently been the subject of judicial investigation,
and has given occasion to disagreement of opinion in
other jurisdictions. A review of the various hold-
ings and the reasons given would be of little value.
We are of the opinion that, while the very question
presented, without some qualifying fact, has not
been before our courts for decision, the courts in
this state in several cases have established prin-
ciples that fix the rule of construction and inter-
pretation of the principle involved. In addition
to the articles of the Constitution and statutes
of this state, already referred to and quoted, we
refer to the cases of Maddox v. York, 21 Tex. Civil
App. 622, 54 S. W. 25 (same case certified to Supreme
Court on certificate of dissent and affirmed, 93 Tex.
275, 55 S. W. 1133); State ex rel. Bovee v. Catlin,

Honorable Bud Martin, page 4


84 Tex. 48, 19 S. W. 302; Bickford v. Cooke, 54
Tex. 482; Robinson v. State ex rel. Eubank, 28
S. W. 566. * * *"

In Denison vs. State, supra, it was declared:

"The language'If rejected, said office shall
immediately become vacant, and the governor shall,
without delay, make further nominations, until a
confirmation takes place,' clearly and by necessary
implication denies to a nominee, whose confirmation
has been rejected by the Senate, any right what-
ever to occupy the office or to discharge, after
such rejection, any of the duties thereof.

"But, appellant contends, this provision of the
Constitution does not apply in the instant case be-
cause there was in contemplation of law, no 'vac-
ancy' for the reason that the incumbent of such of-
fice, under article 16, section 17, of the constitu-
tion, and article 18, R. S., holds over until his
successor is appointed and qualifies. Hon. Cone
Johnson's term of office expired on February 15,
1933. There is considerable conflict of decision
in the various states as to whether the expiration
of an incumbent's term of office creates a vacancy
in the office in question. The holdings in the var-
ious courts on this question rest in large measure
upon the wording of the particular Constitutions
and statutes involved. See 46 C. J. 969, and cases
cited; 22 R. C. L. 555; Annotations in 46 L. R. A.
(N. S.) 1202. The question, however, in this state
is foreclosed. There has been furnished us a copy
of an opinion by Attorney General B. F. Looney giv-
en to Hon. James E. Ferguson, while Governor, on
February 19, 1917, on facts almost identical with
those of the case at bar, wherein, in an able and
extensive consideration of this question, the Gover-
nor was advised that upon the expiration of the term
of an appointive office, for the purposes of naming
the incumbent's successor therein, a vacancy existed
within the meaning of section 12 of article 4 of the

Constitution. See Ops. Atty. Gen. 1916-1918, p. 392. This conclusion is clearly sustained by the cases of Tom v. Klepper (Tex. Civ. App.) 172 S. W. 721 (writ ref.); Maddox v. York, 21 Tex. Civil App. 622, 54 S. W. 24, 25; Id., 93 Tex. 275, 55 S. W. 1133; State v. Catlin, 84 Tex. 48, 19 S. W. 302. See, also, 46 C. J. 969; In re Advisory Opinion to Governor, 65 Fla. 434; 62 So. 363, 50 L. R. A. (N. S.) 365; State v. Thomas, 102 Mo. 85, 14 S. W. 108; State v. Williams, 222 Mo. 268, 121 S. W. 64, 17 Ann. Cas. 1006. This question was conclusively disposed of we think in the Klepper Case, and we pretermit further discussion of it here. * * *"

It is our opinion that the attempted election of an ineligible person to an office is strictly analagous to the absence of any election, as in the Tom vs. Klepper case, and to the principles invoked in the Denison case, as well as the Cooke case, touching the question of a vacancy in office.

As said by the Supreme Court in the Cooke case: "This view accords with the settled policy of our State Constitution, respecting the duration of the terms of office."

It is therefore the opinion of this department that there exists at this time a vacancy in the office of county attorney of Lipscomb county, within the purview of Article 2355, which may be filled by appointment by the commissioners' court of the county, pursuant to the provisions of such statute. Mr. Sansing may continue to perform the duties of the office until the appointment is made and the appointee has qualified for the office.

APPROVED JAN 30, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Zollie C. Steakley
Assistant

ZCS:EP

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN